[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR89-375665, CR90-373967.
Margaret P. Levy, Esq., Defense Counsel, for Petitioner.
Christopher Morano, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
BY THE DIVISION: In this case, the petitioner, thirty-six (36) years old at the time of sentencing, was convicted after a jury trial of Robbery, First Degree [53a-134 (a)(2)], Conspiracy to Commit Robbery, First Degree [53a-48 (a)], and Possession of a sawed-off shotgun [53a 211a].
He was sentenced to seventeen (17) years for the Robbery, eight (8) years for Conspiracy to Commit Robbery and three (3) years for possession of a sawed-off shotgun. The sentences were imposed consecutively for a total effective sentence of twenty-eight (28) years.
From the evidence, it appears that this petitioner, armed with a sawed-off shotgun, along with two other co-defendants (one of whom was armed with a handgun), on October 12, 1989 at 6:45 P.M. held up the victim who was walking on the street. The handgun was pointed at the victim's head and he was forced to a secluded area where his jacket, watch and money were taken. He was struck in the head by this petitioner causing an injury to his eye. The CT Page 10500 petitioner threatened to shoot the victim because he only had $54.00 but one of the co-defendants told him not to. The shotgun was tested and found to be operable.
One of the co-defendants reportedly received a sentence of twelve (12) years in consideration of a guilty plea. The other co-defendant, (the one carrying the handgun) was sentenced to an effective term of twenty-three (23) years after a jury trial. The same judge sentenced both defendants who went to trial.
The sentencing Court was concerned about the petitioner's criminal record and pointed out that there is a substantial risk to the safety of others posed by the petitioner. He has convictions every single year from 1971 except when he was incarcerated which included five (5) Robbery convictions, three (3) Burglary convictions, eight (8) Larcenies, and two (2) violations of probation.
The petitioner's history is replete with crimes of violence in addition to multiple other felonies involving property. In this instance he was armed with a shotgun, injured the victim and threatened to shoot him. The sentencing Court's concern for the safety of others is clearly warranted and a lengthy sentence was called for.
Given the nature of the offenses, the character and record of the petitioner, the predominant need for public protection from the petitioner, the sentence imposed was not inappropriate or unduly severe.
It is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE NORKO, JUDGE
Purtill, Klaczak, and Norko, J.s participated in this decision.